Dear Mr. Babin:
The East Baton Rouge Parish Assessor has been asked by the Legislative Auditor to supply a list of all immovable property owned by his employees and/or their spouses to his office. You question if the Assessor must supply this information.
The Legislative Auditor acts as the fiscal advisor to the Louisiana Legislature. He performs the duties and functions provided by law related to auditing the fiscal records of the state.[1] He has authority to compile financial statements and to examine, audit, or review the books and accounts of the state and specifically public employees. His examination may include financial accountability, legal compliance and evaluations of the economy, efficiency, and effectiveness of any particular auditee's programs. Additionally, the Legislative Auditor may examine all papers, books, accounts, records, etc., in connection with his duties.[2]
Although the Legislative Auditor is not authorized to conduct a performance audit on any assessor, he may audit or investigate an assessor only in those instances as specified by law.[3] Particularly, he may audit or investigate an Assessor if he has received complaints of illegal or irregular acts or if an Assessor exhibits a record of egregious control deficiencies and failures to comply with laws and regulations. He may also audit or investigate an Assessor if in his opinion and that of the Legislative Audit Advisory Council it would be in the best interest of the State to do so.[4]
We are unaware of the particular purpose of the Auditor's request of your client. The request simply refers to an audit of tax assessment practices in Louisiana. Thus, we can only assume that this audit or investigation falls within one of the specified circumstances when the auditor may conduct an audit or investigation of an assessor. If we assume so then it is our opinion that the Auditor would be entitled to the information as to the employees of the Assessor. They are public employees. However, we cannot find any authority based upon the information provided to us for providing the information as to non public employees, i.e. spouses of the assessor's employees. Further, any audit or investigation must relate to the public fisc and it is difficult to relate property owned by private citizens to the public fisc.
We trust that this adequately responds to your request. If you have questions or comments, please contact our office.
With kindest regards,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ TINA VICARI GRANT Assistant Attorney General
RPI/TVG/dam
Date Released: May 1, 2003
 Tina Vicari Grant Assistant Attorney General
[1] Article 3, Section 11 of the Louisiana Constitution
[2] La.R.S. 24:513
[3] Attorney General Opinion No. 02-0132
[4] La.R.S. 25:522 and La.R.S. 24:513(A)(3)(4)(a-f)